**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **JUSTIN HOBBIE**<br>**REG. # 25818-052** | **DOCKET NO. 2:26-cv-0947**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN PATE, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Justin Hobbie ("Petitioner"). Doc. 1. Petitioner is an inmate in the custody of the Bureau of Prisons ("BOP") currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Petitioner states that his original sentencing court, the United States District Court for the Northern District of New York, ordered his Inmate Financial Responsibility Program (IFRP) payments to be restricted to 25% of his earned income. Doc. 1-2, p. 1. He complains that BOP is ignoring this order and has inflated his deductions to 50% and up to 140% of his earned income without court authorization. *Id*.

Petitioner is asking the court to order BOP to remove him from making payments to any victim that do not go through direct BOP channels. *Id*. Because BOP is allegedly failing to

properly administer the collection rules set by his sentencing judge, he requests a complete moratorium on his restitution/fine payments until he is released from prison. *Id*.

## II. LAW & ANALYSIS

### *A. Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### *B. Exhaustion*

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *Gallegos-Hernandez v. United State*s, 688 F.3d 190, 194 (5th Cir. 2012) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. *See* 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden

on a prescribed form (BP-9). 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the warden's response (BP-10). 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office (BP-11). *Id*. There are time limits for BOP officials to respond at each level of the administrative remedy process.

Petitioner concedes that he did not exhaust his administrative remedies through BOP. Doc. 1, p. 2, ¶ 7. Exceptions to the exhaustion requirement apply only in extraordinary circumstances, such as when the petitioner proves that exhaustion would be futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*). The petitioner bears the burden of proving futility. *Id*. Here, Petitioner points to no extraordinary circumstances that would warrant an exemption from the exhaustion requirement.

Petitioner must give BOP an opportunity to review his claim before pursuing a § 2241 claim in this Court.

## III. Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 17th day of July, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE